# Lebeck *v.* Fort Payne Bank, *et al.*

*Bill in Equity for Review and setting aside of a Decree.*

1. *Sale by one corporation to another; bona fide purchaser of bonds.* Where an insolvent corporation, by a regular conveyance of bargain and sale, transfers all its property to another corporation, the consideration therefor being negotiable bonds issued by the grantee on the property so conveyed, and, without providing for its debts, the grantor corporation divides the negotiable bonds so delivered to it among the stockholders, a person who purchases some of such bonds from one of said stockholders, without knowledge of his being a stockholder or of any facts pertaining to the transactions, except what was disclosed by the bonds and the regular chain of title to the property conveyed in the deed of trust, which showed no infirmities of title, is a *bona fide* purchaser of said bonds as against a creditor of the grantor corporation, who had caused the conveyance to the grantee corporation to be set aside as fraudulent, and is entitled to protection as such *bona fide* holder of said bonds.

2. *Trusts and trustees; cestui que trust not bound by proceeding in equity to which he is not a party.*—In a proceeding in equity a *cestui que trust* is not bound by any proceedings to which he is not a party, though the trustee was a party thereto, unless by the terms of trust the trustee was empowered to represent in courts of equity the beneficial interest, or there were so many *cestuis que trust* that it was impossible to make all of them parties defendant.

3. *Same; same; case at bar.*—Where an insolvent corporation conveys all of its property to another corporation, receiving in payment thereof negotiable bonds issued by the grantee on the property so conveyed, which bonds the grantor corporation, without providing for its debts, divides among its stockholders, and the conveyance by the grantor corporation is set aside as fraudulent at the suit of one of its creditors, a *bona fide* holder of some of the bonds delivered in payment of the conveyance, who was not made a party to the suit in which the conveyance was annulled, is not bound by the decree vacating said conveyance, and is entitled to a foreclosure of the deed of trust for the satisfaction of the bonds held by him, unaffected, so far as his rights are concerned, by the former decree and sale thereunder.

4. *Bill in equity; when not multifarious or repugnant.*—A bill in equity is not multifarious or repugnant because it prays to have reviewed and corrected a former decree in a suit to which the complainant was not a party, and further prays that if that be not the appropriate relief, to have impeached such former decree for fraud on the part of the complainant's trustee, who was a party thereto,

[Lebeck v. Fort Payne Bank, *et al.*]

APPEAL from the Chancery Court of DeKalb.

Heard before the Hon. WILLIAM H. SIMPSON.

The facts of this case are sufficiently stated in the opinion.

Upon the submission of the cause upon the demurrers and motion to dismiss the bill for the want of equity, most of the grounds of demurrer and the motion were sustained, and the bill was dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

MOUNTJOY & TOMLINSON, for appellant.—1. A bill is not rendered multifarious by the addition of a prayer for alternative relief, when the requirements of such bill are not duplex, but are appropriate and sufficient to warrant relief under either of the special prayers. Multifariousness can not be predicated solely upon the variant prayers with which a bill may conclude.—*Florence G. Elec., L. & P. Co. v. Hanby*, 101 Ala. 15 ; *Lyons v. McCurdy*, 90 Ala. 97. The nature of a bill is determined by its substance, purposes and prayer rather than by the title given it by the pleader.—*Ex parte Smith*, 34 Ala. 455 ; *Sayre v. Elyton L. Co.*, 73 Ala. 85.

2. Where the beneficiaries are not before the court, and the trustee suffers a decree pro confesso, and the rights of the beneficiaries are not protected by the decree, the beneficiaries are entitled to file a bill in the nature of a bill of review to set aside such decree for fraud in its procurement.—*Campbell v. R. R. Co.*, 1 Woods, 368 ; 2 Daniel's Ch. Prac. marg. pp. 1584-5.

3. Bonds of a corporation, payable to the bearer, are made negotiable instruments by law and title transferable by delivery.—Acts of 1888-89, p. 110. Facts which put purchaser merely on inquiry are not sufficient to carry notice to purchaser of negotiable instruments. Cook on Stockholders, § 768 ; *State v. Cobb*, 64 Ala. 127 ; *Gilman v. N. O., &c., R. R. Co.*, 72 Ala. 566 ; *Morton v. N. O., &c., R. R. Co.*, 79 Ala. 590. The negotiability of bonds also extends to mortgages or deeds of trust.—Cook on Stockholders, § 770 ; *Spence v. Mobile, &c., R. R. Co.*, 79 Ala. 576. An innocent purchaser for value without notice, who purchases from a party having notice of latent equity, gets a title divested of such equity. Pomeroy's Equity Jurisprudence, 754, 777.

[Lebeck v. Fort Payne Bank, *et al.*]

L. L. COCHRAN and DAVIS & HARALSON, *contra.*—1. A bill of review will lie only to correct error apparent on the record, or because of newly discovered evidence. 3 Brick. Digest., pp. 384-5 ; *Ex parte Smith*, 34 Ala. 455. An original bill in the nature of a bill of review will lie only to impeach a decree for fraud.—*Gordon v. Ross*, 63 Ala. 363 ; *Stallworth v. Blum*, 50 Ala. 46 ; *Newlin v. Mc-Afee*, 64 Ala. 357 ; *Curry v. Peebles*, 83 Ala. 225.

2. Only parties to an original cause or their privies can file either a bill of review, or an original bill in the nature of a bill of review.—*Curry v. Peebles*, 83 Ala. 225 ; *Gordon v. Ross*, 63 Ala. 363.

3. Appellant is not an innocent purchaser for value without notice. The bonds themselves show that all the property of the association was mortgaged for their security, and of this fact the purchaser of a bond is charged with notice. The law creates a lien on all the funds and assets of a corporation in favor of its creditors.—2 Morawetz on Corporations, 780 ; *Fort Payne Bank v. Alabama Sanitarium*, 103 Ala. 358. A stranger can not purchase the assets and property of a corporation and be relieved of the equity of creditors of the corporation, even though the purchaser may have had no notice of the existence of the creditor's claims or debts against the corporation.

HEAD, J.—On March 20, 1889, the Alabama Sanitarium was incorporated under the laws of Alabama. C. O. Godfrey, A. S. Loventhal and E. W. Godfrey were the corporators. Authorized capital was $40,000, and all was subscribed for by said corporators. C. O. Godfrey was elected president. This corporation became the owner of a block of land in Fort Payne, Ala., an hotel or sanitarium building located thereon, and all the furnishings in the building, which constituted all of its property.

On June 24, 1890, said C. O. Godfrey and eight others were likewise incorporated under the name of "Fort Payne Educational Association."

On January 23, 1891, the Sanitarium sold and conveyed by deed all its said real property to the Educational Association, for the recited consideration of $25,000, cash ; and on January 27, 1891, the Educational Association executed to the First National Bank

of Port Payne,. as trustee, a deed of trust to said property, to secure an issue of 300 bonds of the Educational Association, numbered from 1 to 300, inclusive, each for $100, maturing September 1, 1895, interest six per cent. per annum, payable semi-annually. The deed of trust recited that the bonds and proceeds of their sale were to be devoted "solely to the payment for the academy building.and the needs and purposes of the school." The deed is nowhere set out in the record, and we have no information of its contents other than as above stated. It is inferable that it authorized the trustee to sell on default in payment of the bonds. Afterwards, the First National Bank resigned as trustee, and E. W. Godfrey was appointed its successor, and he, in the fall of 1892, advertised the property to be sold on October 4, 1892, in default of payment of interest on the bonds.

On September 28, 1892, the Fort Payne Bank, as an alleged creditor of the Alabama Sanitarium, filed its bill in the chancery court of DeKalb county, against the Sanitarium, the Educational Association, Godfrey as trustee, and divers others alleged to be holders of the bonds, to set aside the said sale by the Sanitarium to the Educational Association as fraudulent, and to subject the property to the payment of complainant's debt; and such proceedings were therein had that, on November 14, 1894, the complainant obtained a decree granting the relief prayed. The property was condemned to sale, and sold by the register for the satisfaction of the complainant's demand—the threatened sale by the trustee having been enjoined.

On July 24th, 1895, the complainant in the present cause, Lou Lebeck, filed this bill against the Fort Payne Bank, the Sanitarium, the Educational Association and .Godfrey, the trustee, alleging that in the spring of 1891, he became the purchaser from A. S. Loventhal for value without notice of any infirmity, either in the bonds, or the conveyance of property to the Educational Association, of sixty of said trust bonds, paying therefor $6,000. The bonds were payable to holder and then had several years to run to maturity. They recited the execution of said trust deed for their security. The record of the former suit of the Fort Payne Bank above referred to, was made a part of the present bill, and from it, it appears that 250 of the 300 bonds when issued were de-

[Lebeck v. Fort Payne Bank, *et al.*]

livered to the Sanitarium and by it distributed to its stockholders, one of whom was said A. S. Loventhal, leaving the Fort Payne Bank, as a creditor, unprovided for; and it was in this way that Loventhal became possessed of the 60 bonds he sold to Lebeck, the present complainant. But Lebeck alleges in his bill that he had no notice of how Loventhal acquired the bonds and supposed he had purchased the same from the Educational Association that issued them, and had no notice that the Fort Payne Bank was a creditor of the Sanitarium, or that it owed any debts to any one. He was not made a party to the former suit, and alleges that he resided in Nashville, Tennessee, and had no notice of the suit. The bill complains that the former decree is erroneous on its face, in that it fails to decree relief to complainant therein, subject to the rights of any and all *bona fide* holders of said bonds, without notice, &c., who were not before the court; and with this view prays, if the court should deem it a proper measure of relief, that said decree be reviewed and corrected and the rights of the present complainant as a *bona fide* holder of said bonds be protected, &c., and if this be not the appropriate relief, that the register's sale be set aside and complainant's lien upon the property be enforced, and for general relief.

There were assigned many grounds of demurrer to the bill. We will endeavor to state the principles decisive of those grounds to which we deem it necessary to advert.

The bill does not assail the character of the Fort Payne Bank as the creditor of the Sanitarium it professed to be, nor does it deny the alleged fraudulent character of the sale which was set aside. It is impliedly conceded that, subject to the supposed erroneous failure to provide for *bona fide* holders of the bonds, the said Fort Payne Bank was entitled to the relief it obtained, as against the parties to its bill, who could not defend the same as *bona fide* holders of bonds. So, the inquiry now is, whether Lebeck, the present complainant, is entitled to protection as a *bona fide* holder; and this involves the consideration of two questions : First, whether anything appears in this bill which charges him with notice of the fraudulent nature of the disposition of its property by the Sanitarium to the Educational Association, at the time he purchased his bonds; and second, whether he is concluded by the decree in the former suit.

1. The Sanitarium had a right to sell its property, honestly and fairly, to the Educational Association, as we had occasion to say of the transaction in *Fort Payne Bank v. Alabama Sanitarium, et al.*, 103 Ala. 358. So far as appeared, the sale was made by a regular conveyance of bargain and sale, upon a cash consideration of $25,000, and the possession of the property transferred to the purchaser. The Educational Association, for the expressed purpose of raising funds to pay for its academy building and the needs and purposes of its school, issued its negotiable bonds secured by the trust upon this property. These bonds, it appears, were used, in kind, in paying the Sanitarium the purchase-money of the property. The Sanitarium, acting as though it had no creditor unprovided for, divided the bonds among its stockholders, A. S. Loventhal receiving a part thereof. The complainant, according to his bill, knew nothing of any of these matters except what the bonds and the regular chain of title to the property disclosed. Both of these, apart from other extrinsic facts, determined the bonds and their security to be entirely valid. The only circumstances relied on to charge complainant with notice is the fact that A. S. Loventhal was one of the corporators of the Sanitarium and an original subscriber to its stock, and that complainant purchased his bonds from him; from which it is argued that complainant ought to have known that the Sanitarium received its purchase-money in bonds; and, in fraud of its creditors, divided them among its stockholders. To say nothing of the principle that the rights of a purchaser of negotiable securities are not impaired by a knowledge of facts which would simply put a person upon inquiry which if followed up would lead to knowledge of an infirmity in the securities, so clearly stated in *Spence v. Mobile & Montgomery Railway Co.*, 79 Ala. 576, this contention would annul the complainant's purchase of the bonds though it nowhere appears that he knew any fact which would suggest to him a suspicion that Loventhal was even a stockholder in the Sanitarium, much less a guilty participant in a fraudulent division of the bonds among the stockholders. The whole case, upon this point, is that Loventhal was found in possession of these negotiable bonds, payable to bearer, reciting that they were secured by a trust deed, to the First National

[Lebeck v. Fort Payne Bank, *et al.*]

Bank of Fort Payne, to all the real property of the Educational Association located in Fort Payne, and the complainant purchased and paid for them in open market. The muniments showed a clear title in the Educational Association to the property conveyed by the trust deed, and complainant knew no fact which impaired that title. Upon the clearest principles of law and equity, he was a *bona fide* purchaser without notice, entitled to protection against the creditors of the Sanitarium.

2. Is he concluded by the decree in the former cause? The trustee of the property was a party to that decree, and this, it is insisted, binds the complainant.

In a court of law, the trustee of another is regarded as the owner of the property. He is, there, the representative of the *cestui que trust*. The latter cannot properly be a party to a proceeding concerning the trust estate, in a court of law. If there is dereliction on the part of the trustee in his representative character, calculated to injure the *cestui que trust;* if he is incompetent to properly assert and defend his legal rights in legal forums, or unfaithful therein, the *cestui que trust* may apply to equity to control his conduct and restrain the jurisdiction of legal tribunals, to the end of his full and complete protection. Hence, an action at law which proceeds to judgment against the trustee, unaffected by fraud, accident or mistake, binds the *cestui que trust*. *Frank v. Myers*, 97 Ala. 437. But, in a court of equity an entirely different doctrine obtains. There the *cestui que trust* is regarded as the owner of the property, and his own representative in reference thereto. He is, there, separate and distinct from the trustee, and, in a sense, the adversary of the latter. He prosecutes and defends his own interests, and shapes, through the decrees of the court, the conduct of the trustee. Hence, unless there be something special in the terms of the trust, which confers upon the trustee the power and duty to represent, in courts of equity, the beneficial interests; unless a power of attorney, so to speak, is conferred upon him to represent those interests, in those forums, a decree in equity affecting the trust estate, rendered against the trustee, in the absence of the *cestui que trust*, is not binding upon the latter. The *cestui que trust* is an indispensable party to such proceedings, and he cannot

be concluded unless he is made a party.—*Collins v. Lofftus*, (10 Leigh 5) 34 Am. Dec. 719, and extended note at page 722, citing many authorities.

We, of course, do not refer to that class of cases where the interested parties are so numerous that it is impracticable to bring them all in, and in which a class of persons may be brought in to represent others of similar interests. See interesting discussion of this subject in *Campbell v. Railroad Co.*, 1 Wood's, 368. The record in the suit of the Fort Payne Bank did not bring the case within this exception. The bill professed to make all the bondholders parties, and made no allegation, either directly, or of facts going to show it, that it was impracticable to bring them in. The case was unlike *Campbell v. Railroad Co.*, *supra*, where there were 1,500 railroad mortgage bonds outstanding, and such facts shown that it was impossible to make all the holders of the bonds parties, inducing Judge BRADLEY to hold that the trustee in the bond mortgage was, in the litigation and decree sought afterwards to be set aside, the representative of the bondholders, and that his presence before the court bound them. We must hold, therefore, that the complainant, if the facts alleged be true, is not bound by the former decree, and is entitled to foreclose the deed of trust for the satisfaction of the bonds, unaffected, so far as his rights are concerned, by the former decree and sale thereunder. The bill is clearly sufficient, as an original bill, for this purpose. It is in no sense multifarious or repugnant, because it submits to the court, whether relief may be had under it as a bill of review, or a bill to impeach the decree for fraud on the part of the trustee in suffering the decree, of which the bill also complains as a ground of relief. Whether, if it had appeared, as the speaking demurrer filed by the respondents undertakes to suggest, that the trustee was authorized to represent the *cestui que trust* in courts of equity, the bill may be considered sufficient as a bill of review, or a bill to impeach the former decree for fraud or unfaithfulness on the part of the trustee, in the matter of the defense of the former suit, which should, equitably, be visited upon the Fort Payne Bank, we need not now determine. We, of course, cannot look to the demurrer referred to, to ascertain the terms of the trust. Whether the terms of the trust conferred upon the trustee the

[Smith, *et al.* v. Keyser, Executrix.]

power and duty to represent, in equity, such interests as the complainant now seeks to enforce, and if yea, whether that trust was personal to the First National Bank—the trustee named in the deed—or such as might be exercised by a successor appointed by court, are questions which can only be determined safely by an inspection of the deed.

The chancellor erred in sustaining the demurrers to the bill and dismissing it for want of equity, and his decree in that behalf will be reversed, and a decree here rendered overruling the demurrers, and motion to dismiss for want of equity, and remanding the cause for further proceedings. Respondents may answer the bill within thirty days, with power in the chancellor to extend the time on sufficient showing.

Reversed, rendered and remanded.