(86 South. 903)

## TOWN OF CARBON HILL et al. v. MARKS.
### (6 Div. 924.)

(Supreme Court of Alabama. May 13, 1920. Rehearing Denied Oct. 30, 1920.)

1. **Judgment 243—Court cannot decree that complainant has lien superior to that of persons not parties.**

In a suit to declare and establish a superior and paramount lien on property, the court is without authority to decree that complainant has a claim or lien superior to that of persons who are not parties to the suit.

2. **Mortgages 186(1)—In suit against trustee under mortgage, decree against bondholders that plaintiff had superior lien erroneous.**

In a suit against the trustee under a mortgage to establish a superior lien in plaintiff's favor, where the bill alleged that the bondholders were unknown, but no affidavit was made showing that their names or residences were unknown, and no diligence to ascertain their names and residences was shown, and there was no publication of notice to them, no attachment of their property, and no compliance with statutory requirements to perfect service on them as unknown or nonresident defendants, and no appearance by them, the court had no authority to render a decree injuriously affecting their interests, as, in equity, cestuis que trustent are the real parties, and are not represented by the trustee.

3. **Mortgages 315(1)—Release by trustee held to prevent bondholder from asserting equities against parties to subsequent mortgage relying on release.**

Where the trustee under a deed of trust executed a release reciting full payment of the debt and quitclaiming the property, and a holder of warrants secured by the deed of trust had notice of such release, his successor in title could not assert equities against the trustee and bondholders under a subsequent mortgage, who relied upon the certificate of payment and release.

4. **Mortgages 315(2)—Filing of release by trustee held constructive notice without regard to book in which release recorded.**

The filing of a release of a deed of trust by the trustee was constructive notice of the discharge of the trust deed to all parties in interest, without regard to what book it was recorded in, as the party filing it was not required by the statute to supervise its recordation.

5. **Trusts 189—Trustee having legal title may convey, assign, or incumber estate, and cestui que trust must resort to equity.**

As a general rule at law, a trustee clothed with the legal title, unless restrained by the terms of the trust, may convey or assign or incumber the trust estate, and if the cestui que trust is injured, he must resort to a court of equity for relief.

6. **Mortgages 186(3)—Holder of warrants secured by released mortgage has burden of showing mortgagee's knowledge of his rights.**

The holder of town warrants secured by a deed of trust which had been released by the trustee had the burden of showing that the trustee and bondholders under a subsequent mortgage had knowledge or notice of his claims and rights in order to establish a paramount lien.

7. **Mortgages 186(3)—In suit to establish superior lien, complainant, alleging notice to defendant, must establish it.**

In a suit by a holder of town warrants secured by a deed of trust which had been released by the trustee, against the town and a subsequent mortgagee to establish a superior lien, where complainant alleged notice on the part of defendants of his equity or right, the establishment of such notice was a prerequisite to recovery, aside from the burden placed on him by the release.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Bill by Ione F. Marks against the Town of Carbon Hill and others for discovery and for an accounting and to declare and establish a superior and paramount lien on or incumbrance upon certain property conveyed by trust deed or mortgage, and for other relief. From a decree for complainant, the respondents appeal. Reversed and remanded.

Coleman, Coleman & Spain, of Birmingham, for appellant.

The warrants were not negotiable, and therefore not entitled to protection against the rights and equities that had arisen prior to the institution of this suit. 168 Ala. 239, 53 South. 84, 98 Ala. 537, 13 South. 328; 144 U. S. 173, 12 Sup. Ct. 559, 36 L. Ed. 390. Stale demands will not be enforced, especially where other rights have in the meantime intervened. 167 Ala. 521, 52 South. 420; 178 Ala. 310, 59 South. 630; 32 Ala. 173; 23 Ala. 634; 21 Ala. 633. A subsequent purchaser is entitled to rely upon the record showing cancellation of a mortgage, and is not charged with constructive notice of latent equities. 169 Ala. 469, 53 South. 770; 131 Ala. 530, 32 South. 515; 100 Ala. 438, 14 South. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70. The payment of the warrants to the trustee was a payment so far as the town was concerned, and the town was not responsible for the application of the funds. Section 3411, Code 1907; 131 Ala. 548, 32 South. 490. The filing of the certificate and the quitclaim deed was constructive notice to the world, whether recorded in the proper book or not. 179 Ala. 605, 60 South. 829; 120 Ala.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

636, 24 South. 927. Under the circumstances, the title to the property reinvested in the town of Carbon Hill, and the complainant, having notice of the payment of the warrant, cannot now assert equity against third persons to subsequently acquire rights in reliance on such certificate and conveyance. 82 Ala. 320, 2 South. 120; 148 U. S. 21, 13 Sup. Ct. 426, 37 L. Ed. 350; 212 U. S. 211, 29 Sup. Ct. 256, 53 L. Ed. 476. On the question of service and the acquisition of jurisdiction of the nonresident necessary parties, counsel cites 118 Ala. 477, 23 South. 825, 41 L. R. A. 331, 72 Am. St. Rep. 181; 120 Ala. 483, 24 South. 389; 39 Ala. 324; 83 Ala. 498, 3 South. 449, 3 Am. St. Rep. 758.

G. W. L. Smith, of Brewton, amicus curiæ.

It appears that the town of Carbon Hill had fully paid off to the trustee all the warrants sued on by Marks, and that the beneficiaries under the 1916 mortgage were not made parties to the suit. Sections 3104, 3106, 5308, Code 1907; chancery rules 19, 22.

Rudulph & Smith, of Birmingham, for appellee.

The bill contained equity, since it alleged that the town of Carbon Hill had issued warrant and secured the payment thereof by mortgage to a trustee, that the complainant was the owner of certain warrants, and that they were due and unpaid and the foreclosure sought. 131 Ala. 89, 31 South. 594; 101 Ala. 383, 13 South. 576; 108 Ala. 460, 18 South. 806, 54 Am. St. Rep. 177. The complainant's ownership was sufficiently shown. 15 Ala. 472. There were no laches in the bill. 89 Ala. 273, 7 South. 663; 138 Ala. 153, 35 South. 111. Having admitted the issuance of the warrants and at one time they were the obligation of the town of Carbon Hill, the burden of proving payment rests on respondents. 128 Ala. 664, 29 South. 653; 128 Ala. 561, 29 South. 327; 118 Ala. 580, 24 South. 37; 90 Ala. 318, 7 South. 817; 161 Ala. 332, 50 South. 81. The trustee was without authority to receive payment of the indebtedness, and hence the payment was not binding on the owner of the indebtedness. 27 Cyc. 1387; Jones on Mortgages, § 957, and cases therein cited. Such authority was not given in the mortgage. The warrants secured by the deed of trust not having been paid, the quitclaim and release was void as between the parties. 16 Ala. 414, 50 Am. Dec. 183; 118 Ala. 273, 24 South. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160. As to what a subsequent purchaser made party respondent to a foreclosure proceedings must allege and prove, see the following authority: 71 Ala. 75; 76 Ala. 543; 105 Ala. 428, 18 South. 62, 29 L. R. A. 743; 100 Ala. 350, 13 South. 948, 46 Am. St. Rep. 56; 67 Ala. 274; 63 Ala. 561; 31 Ala. 175; 79 Ala. 192; 101 Ala. 405, 13 South. 263; 94 Ala. 576, 10 South. 535.

THOMAS, J. [1] The court was without authority to decree that complainant had a claim or lien superior to that of the holders of bonds of the town of Carbon Hill who were not parties to the bill. As to this, it is decreed that said lien of complainant "is superior to any other lien given since the date of said trust deed, given to secure said warrants, whether said last trust deed or lien was given to the Birmingham Trust & Savings Company as trustee, or to any other person."

Complainant's right, if it existed at all, rested on the mortgage of the town of Carbon Hill to Jefferson County Savings Bank, recorded in volume 100 of Mortgages, at page 479, in the probate office of Walker county, on January 13, 1906. The same is shown to have been released by the mortgagee of date January 21, 1910, and recorded in volume B, page 100, of the appropriate record in the probate office of said county.

The Jefferson County Savings Bank, failing in business, went into the hands of the superintendent of banks January 28, 1915, and all of its assets were transferred to the Jefferson County Bank, a corporation, on August 1, 1915. The latter bank on January 28, 1916, was placed in the hands of A. E. Walker, as superintendent of banks, who was engaged in the liquidation of its affairs at the time the bill was filed. Said Walker as superintendent of banks, the Jefferson County Bank, the town of Carbon Hill, and the American Trust & Savings Bank (the trustee in last mortgage by said municipality) are made respondents.

It is averred that—

The American Trust & Savings Bank, as trustee for certain persons, firms, or corporations whose names and places of residence are unknown to complainant, "claims to own some right to, interest in, or lien or incumbrance upon, the property" in question "by reason of a purported mortgage or deed of trust recently executed (the bill being filed December 29, 1916) to said American Trust & Savings Bank as trustee by said town of Carbon Hill; * * * that any right, interest, or incumbrance which the said American Trust & Savings Bank, either for itself or for the benefit of any and all of its alleged cestuis que trustent, may have or claim in and to said property, or any part of it, was acquired subsequent to and with knowledge or notice of the lien, right, and incumbrance" of complainant "by reason of the execution of said warrants and said deed of trust securing the same"; and charges that complainant has a "right, title, interest, lien, or incumbrance upon and to all of said property so described in said deed of trust * * * superior and paramount to that of said American Trust & Savings Bank and any and all of its cestuis que trustent, which should be declared and enforced in this cause."

[2] The decree shows on its face a want of jurisdiction in undertaking to cancel the release of the trust deed (that of January 13, 1906) entered of record before the execution of the mortgage by the town of Carbon Hill to the American Trust & Savings Bank in 1916, about August or September, which injuriously affected the rights of the real parties at interest, holders of the warrants or bonds secured by said trust mortgage, by subordinating that debt to that of the old mortgage of January 13, 1906, long since canceled of record. The pleading shows further that the trust mortgage to the American Trust & Savings Bank was to secure the town's waterworks and light-plant bonds by a lien on its municipal waterworks and light plant.

The bill alleges an interest in the properties under the mortgage of the town of Carbon Hill to American Trust & Savings Bank, and that the owners of the debt secured by said mortgage are unknown to complainant. No required affidavit was made showing their names or residences, or that they were unknown; nor was diligence shown on complainant's part to ascertain the names and residences of the cestuis que trustent under said mortgage. They were not parties to the suit. It was not sought to make them respondents. No publication or notice was given to them, or such as bound them as owners. No property of such parties was seized by attachment, nor statutory requirement complied with to perfect service on them as unknown or as nonresident defendants. There was no appearance in this suit by such real parties in interest. The decree, attempting to injuriously affect their interest or property rights, is not binding on them, and presents reversible error on its face. Such is the result whether they are residents or nonresidents of the state. The making of American Trust & Savings Bank (the trustee in said mortgage) a defendant was an attempt on the part of complainant to effectuate service upon the real parties in interest, and to bind them (by the decree) as cestuis que trustent by the appearance of the trustee. This the decree erroneously undertook to do. It did not contain a provision that the relief granted was without prejudice to the rights of such cestuis que trustent or owners of the evidences of debt by the town of Carbon Hill to American Trust & Savings Bank as trustee, and secured by the mortgage of that municipality to said bank. In equity, such cestuis que trustent are the real owners of the debt and mortgage securing the same, and as such parties in interest were indispensable parties to the suit.

In Lebeck v. Ft. Payne Bank et al., 115 Ala. 447, 453, 22 South. 75, 77 (67 Am. St. Rep. 51), the court observed that in a court of law a trustee is regarded as the owner of the property, and his representation is for the cestui que trust; that if there is dereliction on his part injuriously affecting the interest of the cestui que trust, or if he is incompetent to properly assert and defend his legal rights in legal forms, or is unfaithful therein, the cestui que trust may apply to equity to control his conduct and restrain the jurisdiction of the legal tribunals, to the end of the full and complete protection of the cestui que trust.

"Hence, an action at law which proceeds to judgment against the trustee, unaffected by fraud, accident, or mistake, binds the cestui que trust. Frank v. Myers, 97 Ala. 437. But in a court of equity an entirely different doctrine obtains. There the cestui que trust is regarded as the owner of the property, and his own representative in reference thereto. He is, there, separate and distinct from the trustee, and, in a sense, the adversary of the latter. He prosecutes and defends his own interests, and shapes, through the decrees of the court, the conduct of the trustee. Hence, unless there be something special in the terms of the trust, which confers upon the trustee the power and duty to represent, in courts of equity, the beneficial interests; unless a power of attorney, so to speak, is conferred upon him to represent those interests, in those forums, a decree in equity, affecting the trust estate, rendered against the trustee, in the absence of the cestui que trust, is not binding upon the latter. The cestui que trust is an indispensable party to such proceedings, and he cannot be concluded unless he is made a party. Collins v. Lofftus (10 Leigh, 5), 34 Am. Dec. 719, and extended note at page 722, citing many authorities." Stone v. Hale, 17 Ala. 557, 52 Am. Dec. 185; Walker v. Miller, 11 Ala. 1067, 1086; Sprague v. Tyson, 44 Ala. 338; Story's Eq. Pl. (9th and 10th Ed.) §§ 207, 210, 211; Nunnelly v. Barnes, 139 Ala. 667, 36 South. 763; 1 Daniell, Ch. Pr. 267; 1 Barton, Ch. Pr. §§ 35, 74; Sims, Ch. Pr. § 142.

For analogous authorities see Langley v. Andrews, 132 Ala. 147, 31 South. 469; Hambrick v. Russell, 86 Ala. 199, 5 South. 298; Prout v. Hoge, 57 Ala. 28; Heirs and Adm'r of Hitchcock v. U. S. Bank of Pa., 7 Ala. 386; Clark v. Reyburn, 8 Wall. 318, 19 L. Ed. 354; Richardson v. Davis, 21 Grat. (Va.) 706, 710, 711; Simon v. Ellison, 90 Va. 157, 17 S. E. 836; Lyman v. Petitioner, 11 R. I. 157; 23 Cyc. 1246.

An examination of the cases impresses one that the rule announced by our court is rested upon reason and authority. The fact that the cestui cannot take the initiative in a suit without alleging that he has requested the trustee to bring the same, and that the trustee has refused (Bailey v. Selden, 112 Ala. 593, 605. 20 South. 854; Blackburn v. Fitzgerald, 130 Ala. 524, 588, 30 South. 568; Arnett v. Bailey, 60 Ala. 435, 438), does not militate against the view that in equity not only the trustee but the cestuis que trustent are necessary parties that the decree may bind each.

[3-5] The release of the Jefferson County

Savings Bank (of date January 21, 1910) as trustee of the deed of trust of January 13, 1906, recited the full payment of the debt secured thereby and on which complainant rests her right of recovery and of release or quitclaim of the properties of the town of Carbon Hill embraced in the trust deed, and the instrument was duly entered on the appropriate record of the probate office of Walker county. The averments of the bill show that of this plaintiff's immediate predecessors in title had notice. Such instrument, executed by the Savings Bank, by and through its president, had the prima facie effect of showing payment of the debt and reinvesting the town of Carbon Hill with its properties, and of giving complainant and her immediate predecessors in title notice of the payment of the deed of trust securing the warrants in question, and preventing her from now asserting equities against third parties, the American Trust & Savings Bank as trustee and its cestuis que trustent, who subsequently acquired rights relying upon such certificate of payment and release and reconveyance of said properties to the town of Carbon Hill. Huckabee v. Billingsly, 16 Ala. 414, 419, 50 Am. Dec. 183; Barclift v. Lillie, 82 Ala. 319, 322, 2 South. 120; Moelle v. Sherwood, 148 U. S. 21, 13 Sup. Ct. 426, 37 L. Ed. 350; Spreckels v. Brown, 212 U. S. 208, 211, 29 Sup. Ct. 256, 53 L. Ed. 476. The filing of the certificate of payment and release by the mortgagee, Jefferson County Savings Bank, as trustee, and its quitclaim deed to the town of Carbon Hill, were constructive notice to all parties in interest of the fact of discharge of the trust deed, and without regard to what book the same was recorded in, in the probate office. The statute providing for constructive notice did not require the party filing the same to supervise its recordation. Chapman & Co. v. Johnson, 142 Ala. 633, 38 South. 797, 4 Ann. Cas. 559; Amos v. Givens, 179 Ala. 605, 610, 60 South. 829; Trues v. Harvey, 120 Ala. 636, 24 South. 927; Carter v. T. C. I. & R. R. Co., 180 Ala. 367, 61 South. 65; Eufaula Nat. Bank v. Pruett, 128 Ala. 470, 472, 30 South. 731; Seibold v. Rogers, 110 Ala. 438, 18 South. 312. The general rule is that at law a trustee, clothed with the legal title, unless restrained by the terms of the trust, may convey or assign or incumber the trust estate; and if the cestui que trust is injured he must resort to a court of equity for relief. McBrayer v. Cariker, 64 Ala. 50; Amberson v. Johnson, 127 Ala. 490, 29 South. 176.

[6] The effect of such due recordation of the release of the trust deed places upon complainant the burden of going forward with the evidence to show that the American Trust & Savings Bank and its cestuis que trustent had knowledge or notice of complainant's claims and rights sought to be established at the time the trust mortgage was given.

[7] Aside from this shifting of the burden of proof to complainant by such release and conveyance of record, this burden was assumed by the averments of the bill in its allegations of notice on the part of the Town of Carbon Hill and of American Trust & Savings Bank of complainant's equity or right. The establishment of this averred knowledge or notice is a prerequisite to complainant's recovery against the American Trust & Savings Bank. Wilk v. Key et al., 117 Ala. 285, 23 South. 6; Hodges v. Winston, 94 Ala. 576, 10 South. 535. We do not find that there was a scintilla of evidence tending to show that when the deed of trust was executed to American Trust & Savings Bank in 1916 said bank had any notice or knowledge that complainant claimed to own the warrants in question, or that they were outstanding claims against the municipality, secured or subject to be secured by the deed of trust which had been canceled and so certified of record on February 2, 1910, in the probate office in the county in which the property was situated. Trammell v. Mower, 122 Ala. 347, 62 South. 528; Wilkinson v. Solomon, 83 Ala. 438, 3 South. 705; Turner v. Flinn, 72 Ala. 532.

The decree of the circuit court is reversed, and the cause is remanded, that testimony be taken when all necessary parties are before the court.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.