(117 So. 64)

**GARNER et al. v. EMPIRE LAND CO. et al.**

(6 Div. 964.)

Supreme Court of Alabama.    May 17, 1928.

1. **Infants ⬷78(1), 89—Final decree, without issuing summons to resident minor parties, ordering publication or other process to nonresident minor, or appointing guardians ad litem, is erroneous.**

Rendition of final decree dismissing bill to quiet title to mineral rights and settling title thereto in certain defendants according to claims asserted in their cross-bills, without issuing summons to resident minor parties, ordering publication or other process to nonresident minor, or appointing guardians ad litem to represent their interests, is erroneous.

2. **Infants ⬷115—Final decree, without issuing summons to resident minor parties, ordering publication or other process to nonresident minor, or appointing guardians ad litem, is error which Supreme Court will notice on appeal.**

Rendition of final decree, without issuing summons to resident minor parties, ordering publication or other process to nonresident minor, or appointing guardians ad litem to represent their interests, is such error as Supreme Court will notice on appeal.

3. **Appeal and error ⬷839(1)—Supreme Court will not consider merits of case not at issue when submitted.**

The Supreme Court will not consider on its merits a case which was not at issue when submitted.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

———

⬷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by General A. J. Garner and others against the Empire Land Company and others, in which Aubrey Garner, a minor, and others were made parties defendants after the death of named complainant, and defendant land company and others filed cross-bills. From a decree dismissing complainants' bill and settling the title to the mineral rights involved in cross-complainants' land company and another, complainants appeal. Reversed and remanded.

Harsh & Harsh, of Birmingham, and Ray & Cooner, and Curtis, Pennington & Pou, all of Jasper, for appellants.

Nesbit & Sadler, of Birmingham, for appellees.

In view of the decision, it is not necessary that briefs be here set out.

BROWN, J. The original bill was filed by some of the heirs of James Garner, Sr., against the Empire Land Company, a corporation, and the remaining heirs of said James Garner, Sr., to quiet title to certain mineral rights in lands located in Walker county, Ala., and to sell the same for division among the alleged joint owners. Among others alleged in the original bill to be heirs at law of the said James Garner, Sr., and jointly interested were Samuel Garner, Jr., and John Garner, minor heirs of Samuel Garner, Sr., deceased; Samuel Garner, Jr., being a nonresident of the state of Alabama.

After the filing of the bill, one of the complainants, General A. J. Garner, died, and his death being suggested the complainants amended the bill by making his heirs at law parties defendants, among others Aubrey Garner, the minor son of Earl Garner, deceased, a child six years of age. The bill was again amended, making L. W. Lollar a party defendant.

The Empire Land Company, Lollar, and some of the other respondents filed answers, making such answers cross-bills, and making the complainants and respondents to the original bill parties defendants to such cross-bills.

The case proceeded to a final decree, dismissing the original bill as amended, and settling the title to the mineral rights in controversy in the Empire Land Company, and Lollar according to their respective claims asserted in their cross-bills, without the issuance of summons to the resident minors made parties, or order of publication or other process to the nonresident minor, and without the appointment of guardians ad litem to represent their interests.

[1, 2] These irregularities in the proceeding render the final decree erroneous, and is such error as this court will notice on appeal. Prout v. Hoge, 57 Ala. 28; Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2.

[3] The case not being at issue when submitted, this court will not consider the case on its merits. Daily's Adm'r v. Reid, 74 Ala. 415; Well's Adm'r et al. v. American Mtg. Co. of Scotland, Limited, 109 Ala. 430, 20 So. 136; Rowland et al. v. Jones et al., 62 Ala. 322; Wood v. Montevallo Coal & Transportation Co., 107 Ala. 364, 18 So. 108; Levystein Bros. v. O'Brien et al., 106 Ala. 352, 17 So. 550, 30 L. R. A. 707, 54 Am. St. Rep. 56; Singo v. Brainard, 173 Ala. 64, 55 So. 603.

One-third of the costs of the appeal will be taxed against the appellants, one-third against appellee Empire Land Company, and one-third against appellee Lollar.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.