145 So. 419

**WALLACE v. MONTGOMERY, Superintendent of Banks, et al.**

6 Div. 209.

Supreme Court of Alabama.

Jan. 12, 1933.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

J. T. Johnson, of Oneonta, and A. A. Griffith, of Cullman, for appellees.

KNIGHT, J.

The respondents, H. H. Montgomery, as superintendent of banks, in charge of the affairs of the Blount County Bank, in liquidation. and H. H. Montgomery, as such superintendent, in charge of the affairs of the Blount County State Bank, in liquidation, demurred to what is termed the amended bill of complaint in this cause. This demurrer was sustained by the court, and from that decree the present appeal is prosecuted. Numerous grounds of demurrer were assigned. We do not find in the record any opinion of the chancellor, giving his views, and making known upon what particular ground of demurrer he sustained the same.

It appears from the pleading that John Burgett, the alleged non compos mentis, is the only person beneficially interested, certainly at this time. in the funds sought to be recovered of the superintendent of banks, in charge of the two named institutions, and liquidating the same. The bill is not filed by the lunatic, suing by his guardian, nor is he before the court, in such way that his rights may be concluded by any final decree that might be entered in the cause. The respondents make this point by their demurrer. Certainly, this ground of demurrer was, and is, well taken; in fact, it may have superinduced the court's ruling in sustaining the demurrer.

The court long since committed itself to the proposition that suits, in equity, must be brought in the name of the idiot or lunatic, stating that he sues by his guardian, as in the case of an infant suing by his next friend. As was said in the case of West v. West, 90 Ala. 458, 7 So. 830: "The necessity of making the lunatic a party rests on the principle that a decree in favor of his guardian, merely de-

26

scribing himself as such, would not be a decree in favor of the lunatic; and, if the suit prove unsuccessful, would not protect the defendant from subsequent litigation by the lunatic, should he be restored to soundness of mind, and to possession and control of his property."

The above rule was announced in the early case of Blackman v. Davis, 42 Ala. 184, and followed, as above stated in West v. West, supra, and quite lately reaffirmed in the case of Kelen v. Brewer et al., 221 Ala. 445, 129 So. 23.

This holding is too firmly established in this jurisdiction to now be questioned. The present bill entirely ignores this rule, and this omission fully justified the court's decree, without reference to the other grounds of demurrer, whether well or illy taken.

In view of the fact that John Burgett, the alleged non compos, is not before the court, and he is the only person who now has any claim, or title, to the fund, we do not feel that it would be proper to express any views as to his rights as against the two banks, in liquidation, or against the said superintendent. There is in fact a total absence of a necessary controversial party, and to make any pronouncement, even on demurrer, the logical effect of which might substantially affect his status with reference to the fund in question, seems to us unjustified. At all events, we deem it best to withhold judgment in the matter until a proper bill with proper parties, complainant and defendant, is before us.

It follows that the decree of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.