186 So. 769

**AMANN v. BURKE et al.**

7 Div. 546.

Supreme Court of Alabama.

Feb. 23, 1939.

Culli & Swann, of Gadsden, for appellant.

McCord & McCord and Edw. B. Miller, all of Gadsden, for appellees.

KNIGHT, Justice.

The bill in this cause was filed by Edna May Amann, "as guardian and next friend" of Mary P., Virginia C., and Anna Sue Amann, minors, seeking the sale of certain real property, in Etowah County, for division among the tenants in common.

The bill avers that the said Mary P., Virginia C., and Anna Sue Amann, minors,

each own a one-ninth undivided interest in the property, and that the respondents, Frances Burke and Florence Dorough, each own a one-third interest therein.

The respondent Frances Burke filed answer to the bill, in which she denied, in legal effect, that the said minors and the said Florence Dorough were tenants in common with her in said property, and by a cross bill the said Frances Burke sought to have the court to declare a certain conveyance of the property by her father to his wife fraudulent and void as against the said cross-complainant; and to establish and enforce a debt due her by her said father against said property. It is to be noted, however, that the cross bill names no one as party defendant thereto, nor does it contain any prayer for "parties nor for process." Watts v. Kennamer, 216 Ala. 64, 112 So. 333.

It was the contention of the complainant, Guardian, that the said minors, grand children of Elizabeth Amann, deceased, and the said Frances Burke and Florence Dorough, children of said decedent, acquired the property by inheritance from said Elizabeth Amann, deceased. This was disputed by the said Frances Burke, her insistence being that the property was not, in fact, the property of the said Elizabeth Amann, but was in fact and reality the property of Frank X. Amann, the husband of said Elizabeth Amann, and was subject to the payment of the claim of the said cross complainant. The said Frank X. Amann, deceased, was the father of the said Frances Burke and Florence Dorough, and the grandfather of said minors, the latter being the children of a pre-deceased son.

It will be noticed that the bill is not filed by the minors, suing by their guardian or next friend, but is a bill of Edna May Amann suing "as guardian and next friend" of said minors. The minors, who, according to the averments of the bill, own each an undivided one-ninth interest in the property sought to be sold, are not made parties complainant or respondent to the bill. They are not, therefore, before the court. The legal title to one-third of the property is vested in them.

There is no rule of law that is better understood, or more rigidly enforced in equity, where property rights are involved, than is the rule that all persons having legal or equitable rights in the subject of the litigation must be made parties. This rule, of course, is grounded upon the theory that in equity the entire controversy should be settled so as to bind all interested persons. "When the equity court sells property, the purchaser should get a title unaffected by superior claims, legal or equitable." Silverstein et al. v. First National Bank of Birmingham, 231 Ala. 565, 165 So. 827, 829; Sprague v. Tyson, 44 Ala. 338; Lebeck v. Ft. Payne Bank, 115 Ala. 447, 22 So. 75, 67 Am.St. Rep. 51; Town of Carbon Hill v. Marks, 204 Ala. 622, 86 So. 903; Chattanooga Savings Bank v. Crawford, 206 Ala. 530, 91 So. 316; Pollock v. Pope, 209 Ala. 195, 95 So. 894; Huddleston v. Fuller, 229 Ala. 74, 155 So. 556; Hodge v. Joy, 207 Ala. 198, 92 So. 171.

As observed in Silverstein v. First National Bank of Birmingham, supra, "if the purpose is to secure their property rights in equity, persons of unsound mind and minors as well as adults, must be made parties." Sections 5685 and 6519, Code; Upshaw v. Eubank, 227 Ala. 653, 151 So. 837; Wallace v. Montgomery, 226 Ala. 25, 145 So. 419; West v. West, 90 Ala. 458, 7 So. 830; Blackman v. Davis, 42 Ala. 184; Kelen v. Brewer, 221 Ala. 445, 129 So. 23.

The case of West v. West, supra, is here directly in point. In that case, a guardian of a lunatic filed a bill seeking sale and partition of lands in which the lunatic had an undivided interest. There, the bill was filed by Benjamin F. West, "suing as guardian of William F. Johnson, a lunatic." In the instant case we have "Edna May Amann, as guardian and next friend of Mary P. Amann, Virginia C. Amann and Anna Sue Amann, minors," bringing the suit.

The statutory provisions with reference to partition and sale of real estate owned by joint tenants, or tenants in common, were the same then as now, insofar as the question here involved is concerned. And this court, in the West case, held that the guardian, suing as such, could not maintain the bill. That the suit should have been brought by the minors, suing by their guardian or next friend, as the case might be. That the procedure and method adopted were not sufficient to make the lunatic a party so that final decree of partition would conclude him.

Although, in this case, the minors were not before the court, in such way as to con-

clude them, the court proceeded to render a final decree, not only ordering the sale of the lands, but proceeded to fix and declare liens thereon, resulting in lessening the ultimate interests of the minors in the proceeds arising from the sale of their property.

The minors were necessary and indispensable parties to this cause. In their absence, the court was not warranted in rendering a final decree concluding their rights. Drath v. Armstrong et al., 224 Ala. 661, 141 So. 634; Garner v. Empire Land Co., 217 Ala. 528, 117 So. 64; Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623; Wallace v. Montgomery, 226 Ala. 25, 145 So. 419; Montgomery, Supt. of Banks, v. Duffey, as Guardian, 226 Ala. 26, 145 So. 420.

It does not appear that the question here and now discussed was raised in the court below, or that the court's attention was called thereto in any way. It was possibly an oversight on the part of the trial court.

However, it becomes our duty to take notice of the absence of these necessary parties. No proper or binding decree can be rendered in said cause in the absence of the minors, whose interests are directly and immediately affected by the decree. "Equity takes note of a want of necessary parties apparent on the face of a bill, and refuses to proceed until such party is brought in." English v. Huckaba, et al., 219 Ala. 526, 122 So. 841, 842; Prout v. Hoge, 57 Ala. 28; Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2; McMaken v. McMaken, 18 Ala. 576.

Inasmuch as the appeal is by the guardian, and the bill filed by her, upon which the final decree was entered, discloses the absence of necessary parties, the only proper decree that can be here rendered is one of dismissal of the bill. Accordingly, such an order will be entered. However, the dismissal of the bill will be without prejudice. Prout v. Hoge, 57 Ala. 28; Winsett et al. v. Winsett, 203 Ala. 373, 83 So. 117; Singo v. Brainard, 173 Ala. 64, 55 So. 603.

Bill and cross-bill are dismissed, but without prejudice.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.