279 So.2d 496

**In re Mrs. Lillian THORNTON**

**v.**

**The FIRST NATIONAL BANK OF BIRM-INGHAM, a corporation, et al.**

**Ex parte Betty Bruce SNIDER, a non compos mentis who sues by her guardian, the First National Bank of Birmingham, a corporation, et al.**

**SC 186.**

Supreme Court of Alabama.

June 7, 1973.

Stone, Patton & Kierce, Bessemer, for petitioner.

**234**

James W. Aird, Birmingham, for respondent.

HARWOOD, Justice.

It appears from the record that Betty Bruce Snider is a non compos mentis, and that the First National Bank of Birmingham has been for a number of hears her general guardian, succeeding in such capacity J. Bruce Snider, father of Betty Bruce Snider.

Mrs. Lillian Thornton is the owner of Lot 31 in Block 222 in the City of Bessemer having acquired the same as devisee under the last will and testament of her deceased husband, Sam Simmons.

Betty Bruce Snider is the owner of Lot 32 in Block 222. The predecessor in title to both Sam Simmons and Betty Bruce Snider owned both Lots 31 and 32, and at the time Simmons and Betty Bruce Snider acquired title to their respective lots, a store building occupied both lots. Lots 31 and 32 are contiguous and are identical in size, and each fronts 25 feet on Second Avenue, North, in downtown Bessemer.

On 5 December 1949, an order was entered by the Circuit Court of Jefferson County, Bessemer Division, removing the guardianship to the Equity Court. On that same day, an order was entered on petition of J. Bruce Snider as guardian, etc., approving a lease of the building theretofore made between J. Bruce Snider, as Guardian, etc., and Levi Becker, and also, pursuant to the petition, extending the lease for an additional 20 years. On 28 July 1955, on petition of J. Bruce Snider, as guardian, etc., an order was entered giving Levi Becker the lessee, the right to sublet and assign his lease. Pursuant to such order, J. Bruce Snider, as guardian, etc., and Sam Simmons signed an amendment to the lease giving Becker the right to sublet the leased premises.

Becker also obtained a lease to Lot 30 and to Lot 33 in Block 222. These lots are contiguous to Lots 31 and 32, and the leases to all four lots were assigned to Pizitz of Bessemer. Subsequently, the buildings on the four lots were remodeled to constitute one building.

On December 31, 1971, Mrs. Thornton filed a bill seeking:

1. To have Lots 31 and 32 sold for division, averring that she and Betty Bruce Snider own the lots as tenants in common;

2. To have the lease on Betty Bruce Snider's lot cancelled on the alleged grounds that the court did not comply with Secs. 46 and 47, Title 21, Code of Alabama 1940, which sections control the leasing of a ward's property where the estate is in the Probate Court, and

3. To have the lease upon her lot cancelled because of alleged fraud perpetrated by Becker upon her husband in obtaining the lease to Lot 31, being the lot devised to her by her husband.

The bill was styled *Mrs. Lillian Thornton, Complainant v. The First National Bank of Birmingham, a corporation, in its capacity as Guardian of the Estate of Betty Bruce Snider, non compos mentis, et al.*

Prior to filing her bill, Mrs. Thornton had, through her attorney, requested the First National Bank of Birmingham, the then guardian of Betty Bruce Snider, to join in her suit as a co-complainant. The bank refused to do so, and was subsequently named as one of the respondents.

A demurrer was filed to the bill, but before it was acted upon, Mrs. Thornton filed a motion to have a guardian ad litem appointed for Betty Bruce Snider in the proceeding, it being alleged in the motion that the bank's interest in these proceedings was adverse to that of its ward, Betty Bruce Snider.

The motion to appoint a guardian ad litem was granted, and such guardian was appointed.

Thereafter there was filed in this court a petition styled *Betty Bruce Snider, a non compos mentis, who sues by her Guardian, The First National Bank of Birmingham, a corporation, as Guardian of the Estate of Betty Bruce Snider, a non compos mentis.* Judge Roy Mayhall, as Supernumerary Circuit Judge assigned to preside as Circuit Judge in the Tenth Judicial Circuit, Bessemer Division, was named as Respondent.

It was prayed that a rule nisi be issued to Hon. Roy Mayhall, Supernumerary Circuit Judge presiding in the proceedings below, directing that he enter an order or decree vacating and setting aside his order under which a guardian ad litem was appointed for Betty Bruce Snider in the proceedings brought by Mrs. Thornton.

After a hearing on said petition, this court issued a rule nisi to Judge Mayhall directing him to set aside such order or to show cause why he should not do so within thirty days.

To this rule nisi, Judge Mayhall has filed a combined motion to quash and demurrer, and an answer.

The points raised in the motion to quash and in the answer are:

That all of the respondents, including the First National Bank of Birmingham, were served with notice of the motion to appoint a guardian ad litem for Betty Bruce Snider, and no plea to the jurisdiction of the court was filed, nor was this point raised; that the order for the appointment of the guardian ad litem was made after a hearing, and on the sole basis that the First National Bank of Birmingham had an adverse interest to its ward Betty Bruce Snider; and further that mandamus does not lie to control judicial action.

 As to the propriety of the petitioner seeking relief by mandamus in the present proceedings, it would seem that the petitioner is not seeking to control any valid exercise of judicial action by the court below, but rather seeks to prevent the exercise of jurisdiction where none exists. If the Chancellor did not have jurisdiction of the person of Betty Bruce Snider, then any order he might make in proceedings affecting her property rights would be void. A void decree or order will not support an appeal.

 Use of the writ of mandamus at common law has not only been to compel a court to exercise its authority when it has a duty to do so, but also to confine a court to the exercise of its prescribed jurisdiction. State ex rel. Russell, Director v. Jones, Judge, 31 Ala.App. 208, 14 So.2d 590. See also to effect Reiss v. Reiss, 46 Ala.App. 422, 243 So.2d 507.

We think the remaining points in the answer filed by Judge Mayhall are met and overcome by the rules set forth in Amann v. Burke, 237 Ala. 380, 186 So. 769, as follows:

"There is no rule of law that is better understood, or more rigidly enforced in equity, where property rights are involved, than is the rule that all persons having legal or equitable rights in the subject of the litigation must be made parties. This rule, of course, is grounded upon the theory that

in equity the entire controversy should be settled so as to bind all interested persons. 'When the equity court sells property, the purchaser should get a title unaffected by superior claims, legal or equitable.' Silverstein et al. v. First National Bank of Birmingham, 231 Ala. 565, 165 So. 827, 829; Sprague v. Tyson, 44 Ala. 338; Lebeck v. Ft. Payne Bank, 115 Ala. 447, 22 So. 75, 67 Am.St.Rep. 51; Town of Carbon Hill v. Marks, 204 Ala. 622, 86 So. 903; Chattanooga Savings Bank v. Crawford, 206 Ala. 530, 91 So. 316; Pollock v. Pope, 209 Ala. 195, 95 So. 894; Huddleston v. Fuller, 229 Ala. 74, 155 So. 556; Hodge v. Joy, 207 Ala. 198, 92 So. 171.

"As observed in Silverstein v. First National Bank of Birmingham, supra, 'if the purpose is to secure their property rights in equity, persons of unsound mind and minors as well as adults, must be made parties.' Sections 5685 and 6519, Code; Upshaw v. Eubank, 227 Ala. 653, 151 So. 837; Wallace v. Montgomery, 226 Ala. 25, 145 So. 419; West v. West, 90 Ala. 458, 7 So. 830; Blackman v. Davis, 42 Ala. 184; Kelen v. Brewer, 221 Ala. 445, 129 So. 23.

"The case of West v. West, supra, is here directly in point. In that case, a guardian of a lunatic filed a bill seeking sale and partition of lands in which the lunatic had an undivided interest. There, the bill was filed by Benjamin F. West, 'suing as guardian of William F. Johnson, a lunatic.' In the instant case we have 'Edna May Amann, as guardian and next friend of Mary P. Amann, Virginia C. Amann and Anna Sue Amann, minors,' bringing the suit.

"The statutory provisions with reference to partition and sale of real estate owned by joint tenants, or tenants in common, were the same then as now, insofar as the question here involved is concerned. And this court, in the West case, held that the guardian, suing as such, could not maintain the bill. That the suit should have been brought by the minors, suing by their guardian or next friend, as the case might be. That the procedure and method adopted were not sufficient to make the lunatic a party so that final decree of partition would conclude him.

"Although, in this case, the minors were not before the court, in such way as to conclude them, the court proceeded to render a final decree, not only ordering the sale of the lands, but proceeded to fix and declare liens thereon, resulting in lessening the ultimate interests of the minors in the proceeds arising from the sale of their property.

"The minors were necessary and indispensable parties to this cause. In their absence, the court was not warranted in rendering a final decree concluding their rights. Drath v. Armstrong et al., 224 Ala. 661, 141 So. 634; Garner v. Empire Land Co., 217 Ala. 528, 117 So. 64; Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623; Wallace v. Montgomery, 226 Ala. 25, 145 So. 419; Montgomery, Supt. of Banks, v. Duffey, as Guardian, 226 Ala. 26, 145 So. 420.

"*It does not appear that the question here and now discussed was raised in the court below, or that the court's attention was called thereto in any way. It was possibly an oversight on the part of the trial court.*

"*However, it becomes our duty to take notice of the absence of these necessary parties.* No proper or binding decree can be rendered in said cause in the absence of the minors, whose interests are directly and immediately affected by the decree. 'Equity takes note of a want of necessary parties apparent on the face of a bill, and refuses to proceed until such party is brought in.' English v. Huckaba, et al., 219 Ala. 526, 122 So. 841, 842; Prout v. Hoge, 57 Ala. 28; Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2; McMaken v. McMaken, 18 Ala. 576." (Emphasis ours.)

We also wish to note that it has been consistently held in numerous of our decisions that Sec. 105, Title 7, Code of

Alabama 1940, and its predecessors, which provides that guardians may sue for the use of the ward, is not applicable to suits in chancery. White v. Hale, 234 Ala. 385, 175 So. 288; West v. West, 90 Ala. 458, 7 So. 830, and authorities cited therein. Logically the same rule must be deemed to apply to Sec. 106, Title 7, Code of Alabama 1940, providing that guardians of persons of unsound mind are subject to suit.

The doctrines of our cases above cited establish that the lower court was without jurisdiction of the person of Betty Bruce Snider. Of necessity the writ of mandamus is due to be granted.

If, upon advice of this decision, the lower court does not enter an order expunging its order appointing the guardian ad litem for Betty Bruce Snider, and enter an order denying the motion to appoint such guardian, a writ to effectuate such ends will issue on request of the petitioner.

Writ awarded conditionally.

HEFLIN, C. J., and MERRILL, MADDOX and FAULKNER, JJ., concur.