BRADLEY, Judge.
This is an appeal from the denial of the writ of mandamus or in the alternative a writ of prohibition in a condemnation case.
On July 30, 1976 the Housing Authority of the City of Decatur, Alabama filed a petition seeking to have two parcels of real estate condemned. For purposes of this appeal, we shall designate the real estate involved as Parcel One and Parcel Two and note that only questions connected with Parcel Two are before this court. After all interested parties were served with notice, the probate court held a hearing and, on September 29, 1976, entered an order condemning both parcels. Commissioners were appointed to assess damages. Thereafter, on October 5, 1976, the probate court entered a judgment of condemnation and an award of damages in connection with both parcels of real estate. The owners of Parcel One moved to transfer the case to the Circuit Court of Morgan County on June 24, 1977 for a determination of entitlement to proceeds. Through an administrative error, the record concerning Parcel Two was also transferred to the circuit court at the same time. No further action was taken concerning Parcel Two until February 27,1981 at which time H.D. Wilhoite and Betty H. Wilhoite, appellees in this case, sought a trial de novo in the circuit court. Subsequently, on May 21, 1981, appellees filed a motion seeking to have the record concerning Parcel Two remanded to probate court, alleging that they had been denied due process since they were given no notice of the report of the commissioners. Their motion was denied. On November 13,1981 the appellees filed another motion seeking to have the case dismissed for lack of jurisdiction or alternatively remanded to the probate court. The circuit court granted this motion and ordered that the record concerning Parcel Two be sent back to the probate court. The Housing Authority, on February 25,1982, petitioned the circuit court for a writ of mandamus and an alternative writ of prohibition seeking to stop any further proceedings in the probate court. This mo *135 tion was denied, and the Housing Authority has appealed from the denial.
The Housing Authority, appellant in this case, has filed a motion under rules 27 and 28, Alabama Rules of Appellate Procedure, to strike certain matters from appellees’ brief. In support of its motion, appellant argues that such matters are extraneous and are not in the record before this court. While we deny the motion to strike, we have examined the record carefully and have given due consideration only to those matters contained therein.
Appellant, in brief, first argues that in an eminent domain case, the landowner is entitled to notice of the original condemnation hearing and that no further notice is required at any other stage of the proceedings. Appellees, while admitting that they received notice of the original proceeding, claim that they were also entitled to notice of the filing of the report of the commissioners. We disagree.
Under section 18-1-7, Code 1975, an eminent domain action is begun by the filing of an application. Thereafter, according to section 18-1-8, Code 1975:
“[T]he court must make and enter an order appointing a day for the hearing thereof and must issue to all the owners of such lands and to such other parties as claim or hold any right, title or interest therein, as reside in the state, notice of the application and of the day for the hearing thereof, which must be served by the sheriff or other legal officer at least 10 days before the day appointed for the hearing.”
If the application is granted, the probate court must appoint three commissioners to assess damages. Section 18-1-15, Code 1975. The commissioners are required to file a report concerning damages with the probate court within twenty days of their appointment; and, thereafter, the probate court must make an order of condemnation. Section 18-1-19, Code 1975. We note that the code is wholly silent as to any notice requirement in a condemnation case other than that which is required under section 18-1-8, Code 1975, to inform interested parties of the original hearing. In its recent decision of Puckett v. Alabama Power Co., 412 So.2d 1209 (Ala.1982), our supreme court stated that “[t]he scope of § 18-1-1 et seq., was intended to include the entire judicial process in condemnation cases.” The court held that express notice was not required even for the entry of judgment in a condemnation case, saying that:
“[T]he language of § 18-1-19 and § 18-1-20 is clear as to the time within which specific steps must be completed in the condemnation process (i.e., the Commissioners must make their report within 20 days of their appointment; the filing of an appeal from the order of condemnation must be made within 30 days of the entry of that order). The work of the Commissioners triggers the entry of an order confirming their ultimate report and condemning the subject property.”
Since appellees received notice of the original hearing and, by their own admission, were present when it was conducted, they have received such notice as is statutorily mandated and cannot later argue that they have been deprived of due process because they failed to receive notification of the filing of the report of the commissioners.
Appellant next argues that both the probate court and the circuit court lack any further jurisdiction over Parcel Two. We agree with this contention. Section 18-1-20, Code 1975, sets out the method of appeal in a condemnation case and states in pertinent part:
“Any of the parties may appeal from the order of condemnation to the circuit court of the county within 30 days after the making of the order of condemnation by filing in the court rendering the judgment a written notice of appeal, a copy of which shall be served on the opposite party or his attorney, and on such appeal, the trial shall be de novo.... ”
The requirements of section 18-1-20, Code 1975, have been held to be mandatory and jurisdictional. Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854 (1954). In the instant case the judgment of condemnation *136 was entered on October 5, 1976, and the appeal was filed on February 27, 1981. Since appellees failed to file their appeal within the statutory period, both the probate court and the circuit court lack any further jurisdiction over the matter.
Having decided that appellees were not entitled to notice of the commissioners’ report and that their appeal was not timely filed, the only matter left for our consideration is whether the writ of mandamus or in the alternative a writ of prohibition were proper remedies in this case. In Thornton v. First National Bank of Birmingham, 291 Ala. 233, 279 So.2d 496 (1973), the supreme court said that “[u]se of the writ of mandamus at common law has not only been to compel a court to exercise its authority when it has a duty to do so, but also to confine a court to the exercise of its prescribed jurisdiction.” (Citations omitted.) Here, the special probate judge had scheduled an informal conference with the attorneys to determine how to proceed with the case. In so doing the probate court was threatening to proceed with a matter over which it lacked jurisdiction, and in these circumstances a writ of mandamus was a proper remedy to prevent it from doing so, i.e., to require the probate court to dismiss the proceedings before it.
For the foregoing reasons the writ of mandamus should have been issued, and the decision of the circuit court is due to be reversed.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.