On January 28, 1998, the Utilities Board of the City of Foley ("the Board"), sued Robert Ashley Pace, Jr., Katherine Ann Pace, Janice Pace Reeves, and Blackwater Ranch, Inc. (hereinafter collectively referred to as "Pace"), in the Probate Court of Baldwin County, seeking the condemnation of certain lands owned by Pace for use as a perpetual easement and substation site. In May 1998, the commissioners appointed by the probate court to determine the amount of compensation due to Pace filed their report, fixing the amount of compensation at $46,273. On June 11, 1998, the probate court entered a judgment in that amount and ordered condemnation of the property.
On July 8, 1998, Pace filed a notice of appeal in the Circuit Court of Baldwin County, seeking a trial de novo of the issues, pursuant to § 18-1A-283, Ala. Code 1975. Thereafter, on July 15, 1998, Pace filed the same notice of appeal in the probate court. On August 6, 1998, the Board moved the circuit court to dismiss the appeal as untimely. The court denied Pace's motion on September 22, 1998. Following an ore tenus proceeding, the court, on January 27, 1999, entered an order purporting to affirm the condemnation of the lands by the probate court. Pace appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
The Board argues that Pace's appeal from the probate court to the circuit court was untimely and that this appeal should, therefore, be dismissed. It is well settled law that "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Singleton v.Graham, 716 So.2d 224, 225 (Ala.Civ.App. 1998) (citation omitted). Section 18-1A-283, Ala. Code 1975, specifically provides:
 "Any of the parties may appeal from the order of condemnation to the circuit court of the county within 30 days from the making of the order of condemnation by filing in the probate court rendering that judgment a written notice of appeal, . . . and on such appeal, the trial shall be de novo, and it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken."
(Emphasis added.) "The requirements of § 18-1-20 [now §18-1A-283] [are] mandatory and jurisdictional." Housing Authorityof the City of Decatur v. McRae, 421 So.2d 133 (Ala.Civ.App. 1982). Failure to perfect an appeal in accordance with §18-1A-283 deprives the circuit court of jurisdiction to hear the appeal. Ex parte City of Irondale, 686 So.2d 1127 (Ala. 1996). The record indicates that Pace's notice of appeal from the probate court's order of condemnation was filed and date-stamped in the circuit court at 2:46 p.m. on July 8, 1998. This was 27 days after the probate court had entered its order of June 11, 1998. Subsequently, the same notice of appeal was filed and date-stamped in the probate court at 2:50 p.m. on July 15, 1998. This was done 34 days after the probate court had entered its judgment of condemnation. Section 18-1A-283 clearly provides that a party may appeal to the circuit court from an order of condemnation by filing, within 30 days from the date of the judgment, a written notice of appeal in the probate court that rendered the judgment. This section is clear and unambiguous. We conclude that a notice of appeal filed in the circuit court within the 30-day period will not suffice to perfect an appeal pursuant § 18-1A-283. Further, we note that the notice of appeal filed in the probate court on July 15, 1998, came too late to perfect an appeal pursuant to §18-1A-283.
The failure to comply with § 18-1A-283 left the circuit court without jurisdiction to entertain an appeal from the probate court's judgment of condemnation; therefore, *Page 512 
the circuit court's judgment of condemnation is void and will not support an appeal to this court. State v. King, 271 Ala. 16,122 So.2d 158 (1960). Accordingly, we must dismiss this appeal. Because the judgment entered by the circuit court was void for lack of jurisdiction, the judgment of the probate court remains in effect.
APPEAL DISMISSED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ. concur.