This is an appeal from a condemnation proceeding in Covington County. In December 2003 the State of Alabama filed a notice of lis pendens and a petition to condemn in the Covington County Probate Court, notifying James Craig Boutwell of the State's intent to condemn a parcel of land owned by Boutwell as part of a plan to widen Highway 84 between Opp and Andalusia. The probate court granted the State's petition to condemn and ordered a commissioner's hearing to be held on January 23, 2004. Following the hearing, the commissioners recommended an award in the amount of $152,074.00 to compensate Boutwell for his property. The probate court subsequently entered a judgment condemning the property, determining the total costs and damages resulting from the condemnation to be $153,791.65, and transferring title to the property to the State of Alabama. The probate court's judgment was signed on January 26, 2004, and it was stamped as recorded in the probate minutes on January 27, 2004.
Boutwell contacted the probate judge on February 25, 2005, regarding the deadline by which to file a notice of appeal; the probate judge informed him that an appeal filed on the next day, February 26, 2004, would be timely filed. Boutwell then filed his notice of appeal in the probate court on February 26, 2004, 30 days after the judgment had been recorded and 31 days after the judge had signed the judgment.
After the probate court ordered the case transferred to the Covington Circuit Court for a trial de novo in accordance with § 18-1A-283, Ala. Code 1975, the State filed in the circuit court a motion to dismiss for lack of jurisdiction, arguing that the notice of appeal had been filed one day too late and, thus, was untimely.
The circuit court agreed with the State and dismissed the case. Boutwell filed a postjudgment motion, which was denied. Boutwell then appealed from the dismissal. Boutwell's appeal was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975. The issue we must address is whether an appeal from a condemnation judgment must be made within 30 days of the day the judgment is signed or, instead, within 30 days of the day the judgment is recorded.
Boutwell argues on appeal that the date the probate judge signed the judgment condemning his property is not the date from which the 30-day period in which to file a notice of appeal began to run; rather, he argues, the triggering date was the date the judgment was recorded in the probate minutes. If Boutwell is correct, his notice of appeal, filed on February 26, 2004, would be timely.
The State argues that Boutwell's notice of appeal was untimely filed because, it argues, the proper date from which to *Page 1014 
calculate the period in which to file a notice of appeal is the date the probate judge signed the judgment; therefore, the State argues, Boutwell's appeal to the circuit court was properly dismissed for lack of jurisdiction.
Our review of whether the circuit court lacked subject-matter jurisdiction is, of course, de novo. State Dep't of Revenuev. Arnold, 909 So.2d 192, 193 (Ala. 2005).
The statute at issue, § 18-1A-283, Ala. Code 1975, provides:
 "Any of the parties may appeal from the order of condemnation to the circuit court of the county within 30 days from the making of the order of condemnation by filing in the probate court rendering that judgment a written notice of appeal, a copy of which shall be served on the opposite party or his attorney, and on such appeal, the trial shall be de novo, and it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken."
(Emphasis added.)
In Pace v. Utilities Board of Foley, 752 So.2d 510
(Ala.Civ.App. 1999), we explained the importance of complying with the statute by stating:
 "`The requirements of § 18-1-20 [now § 18-1A-283] [are] mandatory and jurisdictional' Housing Authority of the City of Decatur v. McRae, 421 So.2d 133 (Ala.Civ.App. 1982). Failure to perfect an appeal in accordance with § 18-1A-283 deprives the circuit court of jurisdiction to hear the appeal. Ex parte City of Irondale, 686 So.2d 1127 (Ala. 1996)."
752 So.2d at 511. The difficulty in resolving this issue is that the statute states that an appeal must be filed within 30 days from "the making of the order of condemnation. . . ." § 18-1A-283, Ala. Code 1975 (emphasis added).
Though the State noted that Bout-well alleged in his notice of appeal that the judgment was entered on January 26, 2004, a date that would make the appeal untimely, we note that such misidentification of the controlling date by the appellant is not determinative. Rather, it is the actual date the probate court "made" the judgment that serves as the appropriate date from which to start calculating the period in which to file a notice of appeal. Jefferson County v. Adwell,267 Ala. 544, 550, 103 So.2d 143, 147 (1958) (stating that while the use of the wrong date did make a notice of appeal from the probate court somewhat uncertain and ambiguous, when the notice of appeal could only refer to a particular order it was correct for the circuit court to refuse to dismiss the appeal).
To determine the date from which a party in a probate court condemnation proceeding may file an appeal, we must examine the language of § 18-1A-283, set out above. Unfortunately, it is not entirely clear from the reference in the statute to "the making of the order" whether our legislature intended the running of the period within which to appeal to start from the date an order was signed or from the date a signed order was recorded.
Although Alabama's Rules of Civil Procedure are not applicable to probate court proceedings, [1] the explanation in Rule 58 of the difference between "rendering" and "entering" a judgment is informative as to the process courts follow when they "make" a decision. Generally speaking, a *Page 1015 
trial judge must render a judgment in one of several ways; then, following the rendition of the judgment, the clerk of the court enters the judgment. Rule 58(a) and (c), Ala. R. Civ. P. The period in which to appeal a trial court's judgment runs from the date of the entry of the judgment, not from the date of the rendition of the judgment. See Rule 58, Ala. R. Civ. P. (Committee Comments on 1973 Adoption).
The statute at issue indicates that the legislature was familiar with the word "rendition," because it is used in the same sentence as "making." Consequently, if the legislature had intended to begin the period in which to appeal on the date a probate court renders a judgment, it could have so stated. Instead the word "making" was used. We hold that "making" a judgment, for purposes of § 18-1A-283, incorporates both the rendering and the entering of a judgment.
Our holding today also has the practical benefit of avoiding a clear degree of uncertainty and perhaps unfairness that could develop if the State's argument were adopted. The State has argued, among other things, that although almost all of the probate's court's documents are stamped as "recorded" on the same day, January 27, 2004, it would be bizarre to consider all the events in the case to have officially occurred on the same day. Therefore, the State claims, the appropriate date to mark the probate court's rendering and entry of the judgment is January 26, 2004, the day on which the probate judge signed the order.
Although it seems unlikely that most of the events in a case would occur actually on the same day, the sounder view is that, regardless of when the parties involved submitted documents to the trial court, an official "entering" of a judgment must by necessity occur to adequately notify the parties as to when to begin the running of the time to appeal. For example, the probate judge could have signed the judgment when she was at home and then not brought it in to her office to be recorded for a week. In such an event, it would clearly be unfair to start the litigants' time to appeal from a day when, unknown to them, the probate judge signed the order, and not the day the order was officially "recorded" in the probate record.
Because the probate court's judgment was not "made" until the court's judgment was recorded in the probate court's minutes on January 27, 2004, Boutwell's notice of appeal filed in the probate court on February 26, 2004"30 days later — was timely. We reverse the circuit court's dismissal and remand the case with instructions to the circuit court to reinstate the appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, MURDOCK, and BRYAN, JJ., concur.
THOMPSON, J., concurs in the result, without writing.
[1] See Ex parte City of Irondale, 686 So.2d 1127,1129 (Ala. 1996)("This section [§ 18-1A-283] is the only provision for appeals from probate court orders of condemnation; that fact necessarily excludes the application of the general law on the subject of appeals from the probate court to the circuit court.").