BRYAN, Judge.
Patricia Ann Worrell appeals from a judgment of the Escambia Circuit Court (“the circuit court”) dismissing her appeal from a condemnation judgment of the Probate Court of Escambia County (“the probate court”). We affirm.
On September 10, 2009, Joseph C. Shell and Gwynne Shell filed in the probate court a complaint seeking the condemnation of a right-of-way across Worrell’s land (“the right-of-way”) pursuant to § 18-3-1 et seq., Ala.Code 1975. Answering the complaint, Worrell denied that the Shells were entitled to the condemnation of the right-of-way. Following a hearing, the probate court, on March 5, 2010, signed an order granting the Shells’ complaint.[1] Also on March 5, 2010, the probate court signed a second order appointing three commissioners to determine the amount of damages and compensation to which Wor-rell was entitled.[2] On March 15, 2010, Worrell received by facsimile transmission a copy of the March 5, 2010, order granting the Shells’ complaint.
On March 16, 2010, the commissioners reported to the probate court in writing that they had assessed damages and compensation in the amount of $3,000.[3] On March 23, 2010, the probate court signed another order identical to the March 5, 2010, order granting the Shells’ complaint.
On March 25, 2010, Worrell received a certified copy of the probate court’s March *864 23, 2010, order. That same day, Worrell filed a notice of appeal in the circuit court. As of March 25, 2010, the probate court had signed two orders granting the Shells’ complaint pursuant to § 18-1A-276, Ala. Code 1975; however, as of that date, the probate court had not signed an order condemning the right-of-way pursuant to § 18-1A-282, Ala.Code 1975, which provides, in pertinent part, that, “within seven days [after the commissioners make their report in writing regarding their assessment of the damages and compensation], the probate court must issue an order that the report be recorded and the property be condemned upon payment or deposit into the probate court of the damages and compensation so assessed.” Moreover, § 18-1A-283, Ala.Code 1975, provides, in pertinent part, that an appeal from a judgment of condemnation signed pursuant to § 18-1A-282 is to be perfected “by filing in the probate court rendering that judgment a written notice of appeal.... ” (Emphasis added.)
On March 26, 2010, the Shells deposited $4,350 into the probate court.[4] That same day, the probate court signed an order titled “Final Order of Condemnation,” which adopted the report of the commissioners, ordered that the commissioners’ report and the probate court’s orders be recorded, awarded fees totaling $1,350 to the commissioners, ordered the Shells to pay the commissioners’ fees, found that the Shells had deposited into the probate court the $3,000 in damages and compensation assessed by the commissioners, found that the Shells had paid all court costs, ordered that the $3,000 deposited into the probate court by the Shells be paid to Worrell, and condemned the right-of-way.
On March 29, 2010, Worrell received a certified copy of the probate court’s March 5, 2010, order granting the Shells’ complaint. On March 30, 2010, Worrell received a certified copy of the probate court’s March 26, 2010, final order of condemnation. Also on March 30, 2010, Wor-rell filed an amended notice of appeal in the circuit court.
On May 3, 2010, the Shells moved the circuit court to dismiss Worrell’s appeal on the ground that the circuit court lacked jurisdiction over the appeal. On May 4, 2010, Worrell moved the probate court to set aside the March 26, 2010, final order of condemnation. Also on May 4, 2010, Wor-rell filed a notice of appeal in the probate court. On May 6, 2010, the Shells filed an amended motion to dismiss that asserted that the circuit court lacked jurisdiction over Worrell’s appeal on the ground that Worrell had not perfected her appeal in accordance with the statute governing such appeals.[5] Also on May 6, 2010, the probate court signed an order determining that it no longer had jurisdiction to consider Worrell’s motion to set aside the final order of condemnation. On May 10, 2010, Worrell filed in the circuit court an objection to the Shells’ motion to dismiss. As grounds for her objection, Worrell asserted:
*865 “1. Code of Alabama 1975 § 12 — 11— 30(4).[6] This statute requires the Circuit Courts to superintend the Probate and other lower courts.
“2. That notice by the Probate Court in this matter was deficient in that the Probate Court failed to provide notice under Code of Alabama 1975 § 18-1A-282.[7] Since the notice from the Probate Court is deficient and violates the requirements of the law, then the notice of the judgment(s) provided by the Probate Court is also deficient or at least interlocutory, until the Probate amends its order to include the notice.
“3. Based upon the facts of this case the doctrine of equitable estoppel allows for this matter to be heard in Circuit Court. [Boutwell v. State ], 988 So.2d 1015 (Ala.2007).
“4. That the ruling of the Probate Court is not in accordance with law and is therefore subject to review. See Ex parte Lula Dell [Cater], 772 So.2d 1117 (Ala.2000), and Code of Alabama 1975 § 18-1A-282.
“5. That the ruling violates [Article I,] Section 23 of the Alabama Constitution [of 1901], which clearly states, 1... [B]ut private property shall not be taken for, or applied to public use, unless just compensation be first made therefore; nor shall private property be taken for private use, or for use of corporations, other than municipal, without the consent of the owner; provided, however, the legislature may by law secure to persons or corporations the right of way over the lands of other persons or corporations, and by general laws provide for and regulate the exercise by persons and corporations of the rights herein reserved; but just compensation shall, in all cases, be first made to the owner’. Constitution of Alabama 1901 [, Art. I,] § 23. [Worrell] has received no compensation in accordance with this Constitutional mandate^] therefore the judgment(s) rendered in March of 2010 by the Probate Court of Escambia County is void, or at least interlocutory until such time as payment is made.
“6. Claims of [Worrell] before this, the Circuit Court, involve matters of equity, and correctness of law, both of which are under the jurisdiction of this Circuit Court. Code of Alabama 1975 § 12-11-31 and [Boutwell v. State ], 988 So.2d 1015 (Ala.2007).
“It is the claim, of [Worrell] that appeal to the Circuit Court was and is proper under [§ ] 12-11-30(4) which states, ‘The circuit court shall exercise general superintendence over all district courts, municipal courts and probate courts.’
“Additionally, it is the claim of [Wor-rell] that the notice of the Probate Court was deficient in that the Court failed to comply with section 18-1A-282.... This section is clear in [stating that] it is necessary that the court give notice of the right to appeal.[8] The Probate Court has yet to provide this required notice to [Worrell][;] therefore, the order date cannot be valid.”
*866 On May 25, 2010, the Shells submitted, in support of their motion to dismiss, a copy of the May 6, 2010, order of the probate court holding that it no longer had jurisdiction to consider Worrell’s motion to set aside the March 26, 2010, final order of condemnation and a copy of a receipt in which the probate court acknowledged receiving the $4,350 the Shells had deposited in the probate court on March 26, 2010.
Following a hearing regarding the Shells’ motion to dismiss, the circuit court entered a judgment dismissing Worrell’s appeal on the ground that the circuit court lacked jurisdiction. The circuit court’s judgment stated:
“This matter comes before the Court on the motion to dismiss filed by the appellees Joseph C. Shell and Gwynne Shell. An order of condemnation was entered by the Probate Court of Escam-bia County on March 26, 2010 and payment was made in accordance with the order of condemnation on the same date. Patricia Ann Worrell filed a notice of appeal from probate court to circuit court on March 25, 2010. This notice of appeal was filed in the Escambia County Circuit Court. On May 4, 2010, Patricia Ann Worrell filed a notice of appeal in the probate court.
“Section 18-1A-283 of the Alabama Code states that any of the parties may appeal from the order of condemnation to the circuit court of the county within thirty days from the making of the order of condemnation by filing in the probate court rendering the judgment a written notice of appeal. In Pace v. The Utilities Board of the City of Foley, 752 So.2d 510 ([Ala.Civ.App.]1999), the facts were identical to the facts of the present case. The original notice of appeal was filed in circuit court within the thirty day time period and a later notice of appeal was filed in the probate court after the thirty day time period had expired. In Pace, the Court of Civil Appeals found that the requirements of Section 18-1A-283 are mandatory and the failure to perfect an appeal in accordance with this section deprives the circuit court of jurisdiction to hear an appeal.
“The Court finds that the notice of appeal was filed in the Probate Court of Escambia County thirty-nine days after the entry of the order of condemnation. Therefore, this Court does not have jurisdiction to entertain the appeal from the probate court’s judgment of condemnation. Accordingly, it is
“ORDERED, ADJUDGED AND DECREED that the motion to dismiss filed by Joseph C. Shell and Gwynne G. Shell is granted.”
On June 25, 2010, Worrell timely appealed to this court. Because we tacked jurisdiction, we transferred the appeal to the supreme court. The supreme court then transferred the appeal back to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The facts pertinent to Worrell’s appeal from the probate court’s March 26, 2010, final order of condemnation to the circuit court are not in dispute. Therefore, the issues before us are pure questions of law, and our review is de novo. See Boutwell v. State, 988 So.2d 1015, 1020 (Ala.2007) (“Boutwell II”).
Worrell first argues that Pace v. Utilities Board of Foley, 752 So.2d 510 (Ala.Civ.App.1999), the case the circuit court relied on in determining that Worrell’s notice of appeal was untimely, is distinguishable from the case now before us. Specifically, Worrell argues that Pace is distinguishable because Pace involved a condemnation action brought by a public entity whereas the case now before us involves a condemnation action brought by private parties. However, § 18-3-3, Ala. *867 Code 1975, provides that, in condemnation actions by private parties, “the same proceedings shall be had as in cases of condemnation of lands for public uses as provided by Chapter 1[A] of this title.”[9] Moreover, this court has held that “[t]he same principles set forth in the Eminent Domain Code governing actions brought by the state to condemn land in general will govern actions brought by a private party to condemn a right-of-way.” Carroll v. Ward, 814 So.2d 287, 289 (Ala.Civ.App.2001). Consequently, we find no merit in Worrell’s argument that Pace is distinguishable because it involved a condemnation action brought by a public entity rather than a condemnation action brought by private parties.
Worrell also argues that Pace is distinguishable because, Worrell says, in Pace there is no indication that the probate court failed to give the parties timely notice of their right to appeal to the circuit court within 30 days as required by § 18-1A-282[10] whereas, in the case now before us, it is undisputed that the probate court faded to give the parties such notice. Citing Boutwell II, supra, Worrell further argues that, because the probate court did not give her notice of her right to appeal, the doctrine of equitable estoppel should be applied so as to extend the period for her to file her notice of appeal to May 4, 2010, the date she filed her notice of appeal in the probate court.
In Boutwell II, the probate judge signed the judgment of condemnation pursuant to § 18-1A-282 on January 26, 2004, and recorded it in the minutes of the probate court on January 27, 2004. On February 25, 2004, the 30th day after the probate judge had signed the judgment of condemnation, the condemnee and his attorney contacted the probate judge regarding the deadline for filing the condemnee’s notice of appeal. The probate judge informed them that a notice of appeal filed the next day, i.e., February 26, which was the 31st day after the probate judge had signed the judgment of condemnation, would be timely-
The condemnee filed his notice of appeal on February 26; however, the circuit court dismissed the condemnee’s appeal on the ground that his notice of appeal was not timely filed. The condemnee then appealed from the judgment of the circuit court. This court reversed the judgment of the circuit court on the ground that the 30-day period for the condemnee to file his notice of appeal had begun running on January 27, the date the probate judge recorded the judgment of condemnation in the minutes of the probate court, rather than on January 26, the date the probate judge signed the judgment, and, therefore, the condemnee’s appeal to the circuit court was filed within 30 days of the “making” of the judgment within the meaning of § 18-1A-283. Boutwell v. State, 988 So.2d 1012, 1015 (Ala.Civ.App.2005) (“Boutwell I”).
On certiorari review, the supreme court in Boutwell II affirmed the judgment of this court in Boutwell I, but it did so on the basis of a different rationale. The supreme court held that the judgment of condemnation was “made” within the meaning of § 18-1A-283 on the date the order stated that it was “done,” i.e., the date the probate judge had signed it, rather than on the date the probate judge had recorded it in the minutes of the probate court and that, therefore, the condemnee’s notice of appeal was not timely filed because it was filed on the 31st day after the probate judge had signed the judgment. *868 988 So.2d at 1020-21. However, the supreme court further held that the doctrine of equitable estoppel should be applied so as to extend the period for the condemnee to file his notice of appeal to the 31st day after the probate judge had signed the judgment of condemnation because the condemnee had relied to his detriment on the probate judge’s erroneous statement that the condemnee’s notice of appeal would be timely filed if it was filed on February 26, the 31st day after the probate judge had signed the judgment of condemnation. 988 So.2d at 1021-27. In holding that the date a probate court “makes” a judgment of condemnation within the meaning of § 18-1A-283 is the date the probate judge signs the judgment of condemnation, the supreme court stated, “we are mindful of the potential unfairness that could result if a probate court drafted and signed an order of condemnation, yet failed to notify the parties of the order, thereby compromising their time for taking an appeal.” 988 So.2d at 1021 (emphasis added; footnote omitted). However, the supreme court did not address the effect of a failure by the probate court to notify the parties of their right to appeal.
 We disagree with Worrell’s argument that Boutwell II mandates that the doctrine of equitable estoppel should be applied in the case now before us so as to extend the period for her to file her notice of appeal to May 4, 2010. Worrell is not entitled to the application of the doctrine of equitable estoppel unless she can prove that she relied on a misleading communication, either by words, conduct, or silence, on the part of the probate court that caused her failure to perfect her appeal. See Crest Const. Corp. v. Shelby County Bd. of Educ., 612 So.2d 425, 430 (Ala.1992). In Crest Const. Corp., the supreme court stated:
“The elements of equitable estoppel are:
“ ‘(1) The person against whom estop-pel is asserted, who usually must have knowledge of the facts, communicates something in a misleading way, either by words, conduct, or silence, with the intention that the communication will be acted on; (2) the person seeking to assert estoppel, who lacks knowledge of the facts, relies upon that communication; and (3) the person relying would be harmed materially if the actor is later permitted to assert a claim inconsistent with his earlier conduct.’ ”
612 So.2d at 425 (emphasis added) (quoting General Elec. Credit Corp. v. Strickland Div. of Rebel Lumber Co., 437 So.2d 1240, 1243 (Ala.1983)). There is no evidence indicating that Worrell’s failure to perfect her appeal was caused by her reliance on a misleading communication, either by words, conduct, or silence, on the part of the probate court. Although Worrell complains that the probate court did not notify her that she had a right to appeal within 30 days, she filed a notice of appeal, i.e., the March 30, 2010, amended notice of appeal she filed in the circuit court, within 30 .days after the probate court signed the March 26, 2010, final order of condemnation — she just filed it in the wrong court. Section 18-1A-282 does not require the probate court to notify the parties that their notices of appeal must be filed in the probate court rather than in the circuit court. Accordingly, we conclude that the failure of the probate court to notify Wor-rell that she had a right to appeal within 30 days does not constitute a valid basis for holding that equitable estoppel should be applied so as to extend the period for her to file her notice of appeal to May 4, 2010. Moreover, because the failure of the probate court to give her that notice does not entitle her to the extension of the *869 period to file her notice of appeal, the case now before us cannot be distinguished from Pace based on the failure of the probate court to give her that notice.
Worrell also argues that the March 23, 2010, order of the probate court granting the Shell’s complaint was invalid because, she says, it did not comply with the requirements of § 18-1A-283. However, the record on appeal does not indicate that Worrell presented that argument to the circuit court. “This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.” Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992). Therefore, we do not consider this argument.
Worrell also argues that the probate court’s March 26, 2010, final order of condemnation is void because, she says, (1) it was signed more than seven days after the March 16, 2010, report of the commissioners and (2) it was signed before any payment of compensation to Worrell. However, we cannot consider those arguments because the record on appeal does not indicate that Worrell presented those arguments to the circuit court. See Andrews.
Citing § 12-11-11, Ala.Code 1975,[11] Worrell appears to argue that the circuit court erred in failing to transfer to the probate court the notices of appeal she had filed in the circuit court. However, we cannot consider that argument because the record on appeal does not indicate that Worrell presented it to the circuit court. See Andrews.
Citing § 12-11-30(4),[12] Worrell also argues that the circuit court erred in determining that it did not have jurisdiction over her appeal because, she says, the circuit court had a duty to superintend the probate court. However, Worrell cites no legal authority supporting the proposition that § 12-11-30(4) authorizes the circuit court to exercise jurisdiction over an appeal from a condemnation judgment that has not been perfected in accordance with § 18-1A-283, and Pace indicates that that proposition has no merit. Accordingly, based on the authority of Pace, we reject Worrell’s argument that § 12-11-30(4) authorized the circuit court to exercise jurisdiction over her appeal despite her failure to perfect her appeal in accordance with § 18-1A-283.
Finally, Worrell argues that the probate court’s orders are invalid because, she says, they conflict with Article I, Section 23, of the Alabama Constitution of 1901, which, she says, required that she be paid just compensation before the probate court condemned the right-of-way. Section 18-1A-282 provides that, after the commissioners make their report in writing regarding their assessment of damages and compensation for the condemnation, “the probate court must issue an order that the report be recorded and the property be condemned upon payment or deposit into the probate court of the damages and compensation ... assessed [by the *870 commissioners] -” (Emphasis added.) In the case now before us, the probate court found in its March 26, 2010, final order of condemnation that the Shells had already deposited into the probate court the amount of the damages and compensation assessed by the commissioners, and, therefore, it condemned the right-of-way. The probate court also ordered that the damages and compensation deposited into the probate court by the Shells be paid to Worrell. In State ex rel. City of Mobile v. Williams, 222 Ala. 274, 275, 132 So. 321, 322 (1931), the supreme court held that a condemnation order signed pursuant to a predecessor of § 18-1A-282 should “contain the condition that the condemnation is effective ‘upon the payment of the damages and compensation so assessed and reported or the deposit of the same in court [J....” (Emphasis added.) Wor-rell has not cited any caselaw holding that depositing the amount of the damages and compensation in the probate court rather than paying it to the condemnee before the property is condemned violates Art. I, § 23, Ala. Const. 1901. Accordingly, we find no merit in Worrell’s argument that the probate court’s orders violated Art. I, § 23.
Because Worrell has not presented a meritorious argument that the circuit court erred in dismissing her appeal from the probate court’s judgment, we affirm the judgment of the circuit court.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

.In pertinent part, § 18-3-3, Ala.Code 1975, provides that "the same proceedings shall be had [in cases seeking condemnation of a right-of-way by a private party] as in cases of condemnation of lands for public uses as provided by chapter 1[A] of this title.” (Section 18-3-3 was not amended when Chapter 1 of Title 18, Ala.Code 1975, was repealed and replaced by Chapter 1A. See Ala. Acts 1985, Act No. 85-548.) In pertinent part, § 18-1A-276, Ala.Code 1975, provides that, "within 10 days after the hearing [regarding the complaint seeking condemnation, the probate court] shall make an order granting or refusing the complaint.”

. In pertinent part, § 18-1A-279, Ala.Code 1975, provides that, "[i]f the complaint be granted, in whole or in part, within 10 days after the complaint is granted, the judge of probate must appoint three citizens of the county in which the lands sought to be condemned are situated” as commissioners to assess the damages and compensation to which the condemnee is entitled.

. In pertinent part, § 18-1A-282, Ala.Code 1975, provides that "[t]he commissioners must, within 20 days from their appointment, make a report in writing to the probate court stating the amount of damages and compensation ascertained and assessed by them....”

. The $4,350 included $3,000 to pay the commissioners' assessment of the damages and compensation due Worrell plus $1,350 to cover the commissioners’ fees.

. As noted above, § 18-1A-283 requires that a notice of appeal to the circuit court from the probate court's order condemning the property pursuant to § 18-1A-282 must be filed in the probate court. Moreover, § 18-1A-283 requires that such a notice be filed within 30 days of the "making" of the probate court’s order pursuant to § 18-1A-282. In Boutwell v. State, 988 So.2d 1015, 1021 (Ala.2007), the supreme court held that a condemnation order is "made” on the date the order states it was "done,” i.e., on the date it was signed.

. Section 12-11-30(4) provides that "[t]he circuit court shall exercise a general superintendence over all district courts, municipal courts, and probate courts.”

. In pertinent part, § 18-1A-282 provides that "[a] notice of entry of [the order condemning the right-of-way] and the amount of the award shall immediately be mailed by first class mail to each party whose address is known, together with a notice of the right to appeal therefrom to the circuit court within 30 days from the date of such order." (Emphasis added.)

.See supra note 7.

. Chapter 1 of Title 18, Ala.Code 1975, was repealed and replaced by Chapter 1A. See Ala. Acts 1985, Act No. 85-548.

. See supra note 7.

. Section 12-11-11 provides:
"Whenever it shall appear to the court that any case filed therein should have been brought in another court in the same county, the court shall make an order transferring the case to the proper court, and the clerk or register shall forthwith certify the pleadings, process, costs and order to the court to which the case is transferred, and the case shall be docketed and proceed in the court to which it is transferred, and the costs accrued in the court in which the case was originally filed shall abide by the result of the case in the court to which transferred.”

. See supra note 6.